FILED

**NOT FOR PUBLICATION**

JUL 2 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO A. WILLIAMS, | No. 13-15112 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00638-GEB-KJN |
| v. | |
| ALVARO C. TRAQUINA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted June 25, 2014[**]

Before:      HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

California state prisoner Mario A. Wiliams appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Ford v. City of Yakima*, 706 F.3d 1188, 1192 (9th

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2013) (cross-motions for summary judgment). We affirm.

The district court properly granted summary judgment for defendants because Williams failed to raise a genuine dispute of material fact as to whether defendants caused any delay in scheduling his back surgery. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for establishing supervisory liability); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations."). Moreover, to the extent that defendants took any action in connection with Williams's back surgery, Williams failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-58, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard, and is met only if the defendant knows of and disregards an excessive risk to the inmate's health; a mere difference in opinion concerning the course of treatment is insufficient).

**AFFIRMED.**

13-15112